E-FILED
Monday, 08 May, 2017 04:17:18 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| A.D., by his guardian and next friend, MARY B. VALENCIA, and INDIVIDUAL ADVOCACY GROUP, INC., an Illinois not-for-profit corporation, </br></br>    Plaintiffs, </br></br> v. </br></br> CITY OF SPRINGFIELD, </br></br>    Defendant. | Case No. 16-3331 |

## OPINION

RICHARD MILLS, United States District Judge:

Pending is the Motion of the Defendant to Proceed with Discovery prior to any Hearing on Plaintiffs' Motion for Preliminary Injunction.

On December 22, 2016, the Plaintiffs filed a three-count Complaint alleging the Defendant City of Springfield ("the City") had discriminated against the Plaintiffs on the basis of their disabilities in violation of the federal Fair Housing Amendment Act of 1988 ("FHAA"), 42 U.S.C. §§ 3601-3631; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq*. and Section 504 of the Rehabilitation Act of 1974 ("Section 504"), 29 U.S.C. § 794(a).

On January 11, 2017, the Plaintiffs filed a motion for a preliminary injunction seeking an order enjoining the City from enforcing the alleged discriminatory ordinance and evicting the residents of 2328 Noble Ave. in Springfield ("the Noble Home") while this litigation is pending. This action was brought after the property owners of the Noble Home were denied a conditional permitted use ("CPU") to allow the owners and the Plaintiffs to operate a family care residence. The City claimed that a family care residence at the Noble Home would have violated spacing requirements of the Springfield Zoning Code Section 155.03.

The Plaintiffs allege the denial of the CPU constitutes a violation of the aforementioned federal statutes. They seek relief in the form of an injunction mandating that the City grant the requested CPU and permanently refrain from treating the Noble home as a non-conforming use under the zoning code (in addition to money damages and fees).

The Plaintiffs also seek a preliminary injunction to prevent the City from taking any enforcement action against the residents during the pendency of the lawsuit. At the time this suit was filed, the City had not begun enforcement or taken any other action to remove the Plaintiffs or other residents of the Noble

home. The City states that it offered to voluntarily delay such enforcement or removal action pending the disposition of this case.

The City claims that it attempted in good faith to negotiate a resolution of the preliminary injunction motion that would have rendered such motion moot as long as the City took no action against the Noble home or its residents. The Plaintiffs rejected the City's offer to voluntarily refrain from the enforcement action. The City claims the Plaintiffs also demanded that it refrain from enforcing section 155.053 of the zoning code throughout the City, a demand which it alleges exceeds the relief requested in the motion for preliminary injunction and complaint.

The City states that, because granting a preliminary injunction requires a finding that Plaintiffs are likely to prevail in the case, it would be prudent to allow the parties to conduct discovery in the ordinary course of procedure of this case. The City asks the Court to delay any decision on the Plaintiffs' request for preliminary injunctive relief until such time as the parties have conducted discovery and the Court can rule on the merits of the Plaintiffs' complaint as a whole, provided the City voluntarily refrain from enforcing its zoning code against the Noble home during the pendency of this litigation except upon further order of the Court. Under this proposal, if the City were for any reason to withdraw its

voluntary restraint, the City would be required to notify the Court before taking any such action in order to allow the Court to rule on the Plaintiffs' motion for preliminary injunction prior to the City's action. The City claims that Plaintiffs would not be prejudiced by such a delay as no action would be taken against them.

The Plaintiffs further state that on April 7, 2017, the day that the City's response to the Plaintiffs' motion for preliminary injunction was due after being granted an extension, the City's counsel proposed for the first time a joint stipulation which provided that Defendant would continue to delay removal proceedings against the disabled residents of the Noble home if the Plaintiffs would withdraw their motion for a preliminary injunction. However, the Plaintiffs allege that City's proposal was not a sufficient promise to delay enforcement proceedings throughout the pendency of this case because the stipulation contained a provision that would allow the City to withdraw its stipulation not to enforce removal proceedings at any time so long as the City gave the Plaintiffs 60 days written notice. According to the proposed stipulation, the Plaintiffs would then be permitted to re-file their motion for preliminary injunction. The proposed stipulation also provided that Plaintiffs could re-file their motion for preliminary injunction at any time if the Plaintiffs learned that City had begun enforcement proceedings without giving the Plaintiffs the proper notice.

The Plaintiffs state they do not believe that the City's proposed joint stipulation offered them the same degree of protection that they would gain through their motion for preliminary injunctive relief, which sought to enjoin the City from evicting the Plaintiffs during the pendency of the case without exception. The City's proposal does not provide the requisite security to Plaintiff A.D., a 62-year old developmentally disabled individual, and A.D.'s family, that a Court-ordered preliminary injunction would provide.[1] Consequently, the Plaintiffs countered that they would agree to the joint stipulation only if the City agreed to refrain from enforcing the ordinance altogether during the pendency of the case. Alternatively, the Plaintiffs recommended that the City respond to their motion.

The Plaintiffs state that the City objected to their counterproposal and instead filed a motion asking the Court to delay ruling on the Plaintiffs' motion for preliminary injunction until discovery was conducted and the Court had ruled on the merits of the case, while the City voluntarily refrained from enforcing its zoning code against the Noble home while the litigation was pending. The Plaintiffs claim that the fact that the City is not enforcing the ordinance at this time is an insufficient reason to set aside a motion for preliminary injunctive relief.

---

[1] Because Plaintiff A.D. has been determined to be incompetent, he brings this action by his next friend and legal guardian, Mary B. Valencia, A.D.'s sister.

The Plaintiffs dispute the City's claim that its offer to temporarily cease enforcement of its alleged discriminatory zoning ordinance renders their motion moot given that the City has left open the option of resuming enforcement actions against the Plaintiffs at any time. A preliminary injunction request "is not mooted because the parties have, for the course of the litigation and by their own agreement, maintained the status quo." *Lucini Italia Co. v. Grappolini*, 288 F.3d 1035, 1038 (7th Cir. 2002) (citing *Friends of the Earth v. Laidlaw Environmental Services*, 528 U.S. 167, 189 (2000)) ("It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.") The correct standard for determining whether a case or motion for preliminary injunction has been mooted by a defendant's voluntary cessation of conduct is whether "no reasonable expectation exists that the alleged wrong will be repeated." *Id*. The defendant has the burden of persuasion that such conduct cannot reasonably be expected to reoccur. *See id*.

The City has offered to voluntarily refrain from taking any enforcement action against the Noble home or its residents. The Court has no reason to doubt the City's representation. However, given that the City would under certain circumstances retain the right to resume the challenged conduct, the Court is unable to determine that the Plaintiffs have no reasonable expectation that the

6

alleged wrong will be repeated. Because the preliminary injunction request is not moot, the Plaintiffs have a right to a determination of its merits. Accordingly, the Court declines to enter an Order directing the City to voluntarily refrain from taking any action against the Plaintiffs, the owners, or the residents of 2328 Noble Ave. arising from a non-conforming use of that residence, in addition to the other relief requested by the Defendant.

Although the deadline for filing a response to the motion for preliminary injunction has passed, the Court will allow the City to file a response by May 16, 2017. Of course, the parties remain free to negotiate a resolution to the preliminary injunction motion that is agreeable to both sides.

Ergo, the Defendant's Motion to Proceed with Discovery Prior to a Hearing on Plaintiffs' Motion for Preliminary Injunction [d/e 12] is DENIED.

The Defendant is Directed to file a response to the Plaintiffs' Motion for Preliminary Injunction by May 16, 2017.

The Telephonic Rule 16 Scheduling Conference set before U.S. Magistrate Judge Tom Schanzle-Haskins on May 18, 2017 at 9:30 a.m. is Canceled, pending resolution of the Motion for Preliminary Injunction.

ENTER: May 8, 2017

        FOR THE COURT:

                              /s/ *Richard Mills*
                              Richard Mills
                              United States District Judge