IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| MARY B. VALENCIA, Independent Administrator of the estate of A.D., deceased; B.A.; and INDIVIDUAL ADVOCACY GROUP, INC., an Illinois not-for-profit corporation, Plaintiffs, v. CITY OF SPRINGFIELD, Defendant. | No. 16-cv-3331 |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiffs' Motion to Compel (d/e 50) (Motion 50), and Defendant's Motion for Protective Order (d/e 55) (Motion 55). For the Reasons stated below, Motion 50 is ALLOWED in part and DENIED in part, and Motion 55 is DENIED.

## BACKGROUND

The Plaintiff Individual Advocacy Group, Inc. (Advocacy), operates group homes for disabled individuals. A.D., deceased, was a disabled individual who resided in one of Advocacy's group homes in Springfield, Illinois (Home). B.A. is a disabled person who resides in the Home. The

Home violates Defendant City of Springfield, Illinois' zoning ordinance (Ordinance). The City refused to give the Home a Conditional Permitted Use to allow Advocacy to continue operating the Home. Plaintiffs brought this action against the City for intentional violation of the Fair Housing Act and the Americans with Disabilities Act. See Amended Complaint (d/e 33), ¶ 1.

The Plaintiffs propounded written discovery on the City in June and August of 2017. The Plaintiffs also sought a preliminary injunction. On August 2, 2017, the District Court issued a preliminary injunction enjoining enforcement of the Ordinance. Opinion entered August 2, 2017 (d/e 21). The City filed an interlocutory appeal. The District Court stayed the proceeding until resolution of the interlocutory appeal. Order entered October 31, 2017 (d/e 31). The Seventh Circuit affirmed the entry of the preliminary injunction. Valencia v. City of Springfield, Illinois, 883 F.3d 959 (7th Cir. 2018). On March 27, 2018, the District Court lifted the stay. Text Order entered March 27, 2018.

In light of the Seventh Circuit's decision, the City has amended its Answer to the Amended Complaint. Answer to Amended Complaint (d/e 58) (Amended Answer). The Amended Answer admits the Ordinance discriminated against individuals based on disability in violation of federal

law, but denied any specific intent to discriminate. See e.g., Amended Answer ¶ 1.

The City now asks for a protective order to relieve it of the obligation to respond to Plaintiffs' written discovery. Plaintiffs ask the Court to compel the City to answer all discovery fully.

The City must respond to Plaintiffs' discovery requests even with its Amended Answer. The Amended Answer still denies portions of Plaintiffs' Amended Complaint, including ¶¶ 1, 26-27, 32-37, 40-44, 49-53, 59-60, 62-63, 69-70, and 72-73. Clearly, factual issues still exist in this case. The Plaintiffs are entitled to conduct discovery given that factual issues exist.

The City argues that its amended Ordinance will eliminate any discrimination, thereby rendering discovery unnecessary. The Court disagrees. The Plaintiffs seek damages for the alleged intentional discrimination. Amended Complaint, ¶¶ 54(c); 64(c); 74(c). The amendment to the Ordinance will not moot these claims for damages or other issues that may depend on the remaining factual disputes. The City must respond to the Plaintiffs' discovery. Motion 55 is DENIED.

The Plaintiffs ask the Court to order the City to respond to its written discovery and to hold that the City has waived all objections. The City must respond, but the Court will not hold that all objections are waived. In light

of the stay and the City's efforts to resolve the discrimination by amending the Ordinance, the Court, in its discretion and for good cause, excuses the City's failure to object in a timely manner.  See Fed. R. Civ. P. 26(d)(3) and 33(b)(1)(4).

THEREFORE, IT IS ORDERED THAT Plaintiffs' Motion to Compel (d/e 50) is ALLOWED in part and DENIED in part; and Defendant's Motion for Protective Order (d/e 55) is DENIED.

ENTER:   June 20, 2018

                         s/ *Tom Schanzle-Haskins*
                         TOM SCHANZLE-HASKINS
                         UNITED STATES MAGISTRATE JUDGE