E-FILED
Monday, 13 April, 2020 08:15:34 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARY B. VALENCIA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 16-3331 |
| | ) | Consolidated with |
| CITY OF SPRINGFIELD, ILLINOIS, | ) | Case No. 17-3278 |
| | ) | |
| Defendant, | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF SPRINGFIELD, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, United States District Judge:

Pending is the Defendant City of Springfield's Motion in Limine to Bar the Testimony of Plaintiff United States of America's Disclosed Expert.

I.

The City seeks to exclude the testimony the United States' expert, Susan Connor, a Professor Emeritus at John Marshall Law School in Chicago, who the

1

United States claims is an "eminently experienced expert in zoning and land-use practices."

The City asserts Connor's expert opinions are actually legal opinions on matters that are no longer in dispute. For example, Connor's Report states that she is offering her opinion on the application of the City of Springfield Zoning Ordinance's definition of "family" and the 600-foot spacing requirement the City imposes between "family care residences." Connor's Report also addresses the City's insistence that the land use at 2328 Noble required a special permit because of the 600-foot spacing requirement and the hearing and decision that resulted. The report also opines on the effects of the City's failure to provide for a reasonable accommodation to permit persons with a disability to have equal access to housing.

The City claims Connor's interpretation of the definition of "family" is a legal conclusion which is no longer in dispute given the City's admission that its ordinance discriminated against the residents of the Noble home. Her second opinion that the 600-foot spacing requirement is not defensible from a planning and zoning perspective is a legal opinion and no longer in dispute, based on the City's admission that enforcement of the zoning ordinance violated the Fair Housing Act ("FHA"). Additionally, the City's insistence that the land use at 2328 Noble required a special permit because of the spacing requirement and resulting hearing and denial of the permit addresses a legal issue—whether this result violated the

2

FHA—an issue that is no longer in dispute. Finally, the City's failure to provide for a reasonable accommodation and the effects resulting therefrom addresses legal issues.

The United States contends Connor's opinions are not "legal opinions" because they do not instruct the jury on the law. Her report does not address whether the City violated the FHA. Rather, she opines that the City's determinations, actions and conduct with respect to the group home at 2328 Noble deviated from accepted practices and principles in zoning, planning and land use. Connor also opines that the City's zoning definition of "family" is "not unusual" and that she was not aware of any other city applying the definition to exclude households where everyone is unrelated. The United States further asserts Connor's Report states that the spacing rule as applied in this case does not further any legitimate zoning or planning objectives and that the use of a public hearing process was inappropriate. Finally, she opines that the City's lack of any reasonable accommodation procedure deviated from accepted zoning principles. The United States contends these are not legal opinions because they do not instruct the jury or the Court on the applicable law. Moreover, the opinions will assist the trier of fact in determining whether the City violated the FHA by providing specialized knowledge and expertise on zoning and land use issues.

II.

Under Federal Rule of Evidence 104(a), the Court acts as the gatekeeper in determining whether testimony is admissible. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) The testimony is based on sufficient facts or data;
> (c) The testimony is the product of reliable principles and methods; and
> (d) The expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

"The purpose of the *Daubert* inquiry is to scrutinize proposed expert witness testimony to determine if it has the same level of intellectual rigor that characterizes the practice of an expert in the relevant field so as to be deemed reliable enough to present to a jury." *Lapsley v. Xtek, Inc.*, 689 F.3d 802, 805 (7th Cir. 2012) (internal quotation marks omitted). A court must evaluate: (1) the qualifications of the proposed expert; (2) the reliability of his or her methodology; and (3) the relevance of the proposed testimony. *See Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 779 (7th Cir. 2017). In evaluating the reliability of expert testimony, courts should consider a number of factors and employ a "flexible" inquiry. *See id.* at 779-80.

As a general rule, an expert may not offer legal opinions. *See Jimenez v. City of Chicago*, 732 F.3d 710, 721 (7th Cir. 2013). An expert is not permitted to take

the ultimate issue away from a jury.  *See Good Shepherd Manor Found, Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003).  Therefore, an expert cannot opine, for example, regarding whether the Defendants committed fraud.  *See United States v. Neushwander*, 2017 WL 4572212, at *4 (N.D. Ill. Oct. 14, 2017).  However, such determinations may require the drawing of a fine line.  *See United States v. Davis*, 471 F.3d 783, 789 (7th Cir. 2006) ("we have held that expert testimony is allowed to the effect that financial transactions did not comply with regulations and appeared to be fraudulent.").  Accordingly, it is sometimes preferable to defer ruling on admissibility issues until trial.  *See Mason v. City of Chicago*, 631 F. Supp.2d 1052, 1055-56 (N.D. Ill. 2009).

The City has alleged Susan Connor's opinions are not relevant because it has conceded liability for violations of the FHA.  The United States acknowledges that if the Court grants the Plaintiffs' and the United States' motions for partial summary judgment on liability, Connor will not have to testify at trial for that purpose.  The Court has, in fact, granted the Plaintiffs' and the United States' motions for partial summary judgment as to liability.  Accordingly, any testimony from Connor may be much more limited than it otherwise would have been.  However, the United States claims Connor's opinions that the City deviated from accepted zoning and land use standards and practices may assist the Court in determining whether, and in what amount, to assess a civil penalty against the City.

The United States represents that its expert will not offer legal opinions. As noted above, there will not be any need at trial for testimony regarding whether the City's actions violated the FHA as that issue has already been determined. Therefore, it appears that much of the City's request is now moot.

The City's alleged deviation from accepted zoning and land use standards and practices is a matter still in dispute. The Court will permit Professor Connor to offer opinions on those issues and any other relevant issues that are part of her report—to the extent that they do not constitute legal opinions and are otherwise consistent with the Federal Rules of Evidence. Obviously, the City can raise any objections at trial if Connor does purport to offer a legal opinion or the evidence is inadmissible for other reasons.

<u>Ergo</u>, the First Motion in Limine of Defendant City of Springfield to Bar Plaintiff United States of America's Disclosed Expert [d/e 86] is DENIED with leave to refile in the event any inadmissible testimony is offered at trial.

ENTER: April 9, 2020

FOR THE COURT: /s/ *Richard Mills*
Richard Mills
United States District Judge