E-FILED
Thursday, 28 July, 2022  10:04:03 AM
Clerk, U.S. District Court, ILCD

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow the instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice or public opinion to influence you. You should not be influenced by any person's race, color or disability.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted into evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

I have taken judicial notice of certain facts. You must accept those facts as proved.

A summary of the income statements is in evidence. The original materials used to prepare that summary is also in evidence. It is up to you to decide if the summary is accurate.

Any notes that you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Certain things are not to be considered evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony and exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, *direct evidence* that it is raining is testimony from a witness who says, "I was outside a minute ago and saw it raining." *Circumstantial evidence* that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You must also decide what weight, if any, to give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know about things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

In this case one of the plaintiffs is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give an individual person.

You must give separate consideration to each individual or entity for whom damages are sought in this case. Although there are multiple individuals and entities for whom plaintiffs and the United States are seeking damages, it does not follow that if one individual or entity is awarded damages, the others must be, too.

When I say a particular party must prove something by a "preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in this case, you must be persuaded that it is more probably true than not true.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, of, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration of the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

This is a civil case brought under the federal Fair Housing Act. The Court already ruled as a matter of law that the City violated the federal Fair Housing Act by discriminating on the basis of disability with respect to the group home at 2328 S. Noble Avenue in Springfield. These determinations will not be revisited and are considered conclusive at this trial. However, there has been no determination as to whether, and in what amount, the City must pay damages to those who were harmed as a result of these violations.

The Fair Housing Act makes it illegal for a municipality to discriminate in housing on the basis of race, color, national origin, religion, sex, disability, or familial status. This includes discrimination in the context of zoning. Here, the Court ruled that the Defendant violated the Fair Housing Act by maintaining a 600-foot spacing rule that treats group homes for people with disabilities less favorably than similar housing for people without disabilities, and enforcing that rule against 2328 S. Noble Ave. The Court further ruled that the Defendant also violated the Fair Housing Act by failing to grant a reasonable accommodation, meaning an exception to the 600- foot spacing rule, for this home.

The United States is seeking damages on behalf of the following individuals: Mary Valencia, as the sister and guardian of Alan Dennis; Joseph Dallavis; Lorraine Iocca, as the mother and guardian of Joseph Dallavis; Jonathan McCombs; and William McCombs, as the father and guardian of Jonathan McCombs. You must now decide whether, and in what amount, to award compensatory damages to these persons.

You may award compensatory damages only for injuries that the United States has proved by a preponderance of the evidence were caused by the City of Springfield's discrimination. For Mary Valencia, Joseph Dallavis, Lorraine Iocca, Jonathan McCombs, and William McCombs, you should consider the emotional pain and suffering they may have experienced, which is also known as emotional distress or mental anguish. It includes all highly unpleasant mental reactions such as fear, grief, anxiety, humiliation, embarrassment, anger, disappointment, frustration, worry, and nausea.

No evidence of the dollar value of emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. Emotional distress or mental anguish may be established through the testimony of the individuals themselves and the circumstances that caused the distress or anguish. If you decide to award damages, you are to determine an amount that will fairly compensate each of these individuals for the injury he or she has sustained.

The Court has also determined that Individual Advocacy Group may seek damages for any losses or harm caused to it by the City's discrimination. The Court ruled that the Defendant's discriminatory 600-foot spacing ordinance for group homes interfered with IAG's ability to operate the home at 2328 S. Noble Ave., and required IAG to risk facing zoning actions in Springfield. These determinations will not be revisited and are considered conclusive at this trial. You must now decide whether, and in what amount, to award compensatory damages to IAG.

IAG seeks compensatory damages for lost business revenue and for diversion of resources. You must determine whether, and in what amount, to award these damages to IAG.

Lost business revenue means the amount of money that will reasonably and fairly compensate IAG for its actual loss of future revenue caused by the City of Springfield's discrimination. You need not find that the City's discrimination was the sole reason for IAG's lost business revenue, as long as you find that the City's discrimination caused IAG to lose business revenue.

Diversion of resources damages means the amount of money that will reasonably and fairly compensate IAG for the time and resources it spent counteracting the City's discrimination, including staff time and expenses reasonably and necessarily incurred during zoning proceedings, consultations with the parents and guardians of the residents of 2328 S. Noble, consultations with the landlord of 2328 S. Noble, and communications with the City on behalf of the residents, parents and guardians.

Your award for all damages must be based on a preponderance of the evidence and not upon speculation, guesswork or conjecture.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARY B. VALENCIA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-03331 |
| | ) | |
| CITY OF SPRINGFIELD, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | | CONSOLIDATED |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-03278 |
| | ) | |
| CITY OF SPRINGFIELD, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

## **VERDICT FORM**

1. Has Mary Valencia suffered emotional pain and mental anguish as a result of Defendant City
   of Springfield's violations of the Fair Housing Act?

   Answer:      Yes _____ No _____

   *If you answered "Yes" to Question 1, please proceed to Question 2.  If you answered "No" to
   Question 1, please proceed to Question 3.*

2. What amount will fairly compensate Mary Valencia for her emotional pain and mental
   anguish as a result of Defendant City of Springfield's violations of the Fair Housing Act?

   Answer:      $_____

3.  Has Joseph Dallavis suffered emotional pain and mental anguish as a result of Defendant

City of Springfield's violations of the Fair Housing Act?

Answer:         Yes _____ No _____

*If you answered "Yes" to Question 3, please proceed to Question 4. If you answered "No" to*
*Question 3, please proceed to Question 5.*

4.  What amount will fairly compensate Joseph Dallavis for his emotional pain and mental

anguish as a result of Defendant City of Springfield's violations of the Fair Housing Act?

Answer:         $ _____

5.  Has Lorraine Iocca suffered emotional pain and mental anguish as a result of Defendant City

of Springfield's violations of the Fair Housing Act?

Answer:         Yes _____ No _____

*If you answered "Yes" to Question 5, please proceed to Question 6. If you answered "No" to*
*Question 5, please proceed to Question 7.*

6.  What amount will fairly compensate Lorraine Iocca for her emotional pain and mental

anguish as a result of Defendant City of Springfield's violations of the Fair Housing Act?

Answer:         $ _____

7.  Has Jonathan McCombs suffered emotional pain and mental anguish as a result of Defendant

City of Springfield's violations of the Fair Housing Act?

Answer:         Yes _____ No _____

*If you answered "Yes" to Question 7, please proceed to Question 8. If you answered "No" to*
*Question 7, please proceed to Question 9.*

8.  What amount will fairly compensate Jonathan McCombs for his emotional pain and mental anguish as a result of Defendant City of Springfield's violations of the Fair Housing Act?

   Answer:  $_____

9.  Has William McCombs suffered emotional pain and mental anguish as a result of Defendant City of Springfield's violations of the Fair Housing Act?

   Answer:  Yes _____ No _____

*If you answered "Yes" to Question 9, please proceed to Question 10.  If you answered "No" to Question 9, please proceed to Question 11.*

10. What amount will fairly compensate William McCombs for his emotional pain and mental anguish as a result of Defendant City of Springfield's violations of the Fair Housing Act?

   Answer:  $_____

11. Has Individual Advocacy Group incurred damages for diversion of resources?

   Answer:  Yes _____ No _____

*If you answered "Yes" to Question 11, please proceed to Question 12.  If you answered "No" to Question 11, please proceed to Question 13.*

12. What amount of damages will fairly compensate Individual Advocacy Group for its diversion of resources?

   Answer: $_____

13. Has Individual Advocacy Group incurred damages for loss of revenue?

   Answer: Yes _____ No _____

*If you answered "Yes" to Question 13, please proceed to Question 14.  If you answered "No" to Question 13, you should have the foreperson sign the verdict form and notify the bailiff that you are ready to return to the courtroom.*