UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| MARY B. VALENCIA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-03331-SLD-JEH |
| | ) | |
| CITY OF SPRINGFIELD, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-03278-RM-TSH |
| | ) | |
| CITY OF SPRINGFIELD, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ON INJUNCTIVE RELIEF

On March 3, 2020, the Court granted the United States' Motion for Partial Summary Judgment on Liability and found Defendant City of Springfield, Illinois ("City") liable for violations of the Fair Housing Act. March 3, 2020 Op. 22–26, ECF No. 111. The Court found that the City engaged in a pattern or practice of discrimination and denied rights protected under the Fair Housing Act to a group of persons, which raised an issue of general public importance, by maintaining and enforcing a discriminatory zoning ordinance that prohibits group homes for persons with disabilities from being located within 600 feet of another such group home. *Id.* at 24–26. The Court held that this ordinance discriminates on the basis of disability because it treats group homes for up to five unrelated individuals with disabilities less favorably than it does similarly situated living arrangements consisting of up to five unrelated non-disabled

1

people.  *Id.* at 23–24.  The Court further found that the City denied a reasonable accommodation when it denied a "Conditional Permitted Use" permit to the group home at 2328 S. Noble Avenue, and that this denial was the City's "standard operating procedure."  *Id.* at 25–26.

The Court directed the City to submit a plan to remediate its violations of the Fair Housing Act.  *Id.* at 34.  The City filed its remedial plan on July 9, 2020.  Mot. Leave File Remediation Plan, ECF No. 116.  On July 22, 2020, the United States filed its brief on injunctive relief and a proposed order on injunctive relief.  USA's Br. Regarding Post-J. Injunctive Relief, ECF No. 124.  Having considered the parties' plans and briefing, the Court's opinions on summary judgment, and the evidence presented, the Court finds that the following order is appropriate.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

### I. INJUNCTION WITH RESPECT TO GROUP HOMES

1. The City, its officers, agents, employees, successors, and all other persons acting in concert or participation with it, is enjoined from taking any action against the owner(s) or resident(s) of 2328 S. Noble Avenue, or Individual Advocacy Group, in order to prevent or restrict the operation of a group home for five or fewer persons with disabilities at 2328 S. Noble Avenue under the City's spacing rule, enacted as Springfield, Ill., Code of Ordinances § 155.053 (2023).

2. The City is enjoined from enforcing such spacing rule, § 155.053, against any other similarly situated family care residence or group community residence with five or fewer residents.

## II.    FAIR HOUSING TRAINING

3. Within ninety days of the entry of this Order, the City's officers, elected and appointed officials, and employees who have duties related to the planning, zoning, permitting, construction, or occupancy of residential housing, including the Zoning Administrator and his or her staff, members and staff of the Planning and Zoning Commission, the City Council, and the Mayor, are ordered to attend, at the City's expense, a training on the Fair Housing Act's provisions with respect to disability discrimination in housing.  The training will be conducted by a qualified third party or parties, subject to the approval of the United States, and who will not be affiliated with the City or its officers, elected or appointed officials, employees, agents or counsel.

4. Within ten days of this training, the City is ordered to submit to counsel for the United States written confirmation signed by each attendee, in substantially the same form as Exhibit "A," that he or she attended the training and the date of the training.

## III. RETENTION AND INSPECTION OF RECORDS

5. For three (3) years following the date of entry of this Order, the City is ordered to retain all records, including electronic records in their native format, with respect to compliance with this Order.

6. The City is ordered to allow counsel for the United States to inspect and copy any records referenced above for the purpose of ensuring compliance with this Order, upon the United States' provision of reasonable notice to counsel for the City.

Entered this 5th day of December, 2023.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**CERTIFICATION OF TRAINING
AND RECEIPT OF COURT'S ORDER ON INJUNCTIVE RELIEF**

On _____, I attended training on the Fair Housing Act. I have had all of my questions concerning these topics answered to my satisfaction. I also have been given and I have read copies of the Fair Housing Act and the Order on Injunctive Relief entered in *Valencia v. City of Springfield*, Civil No. 3:16-cv-03331 (C.D. Ill.). I understand my legal responsibilities and will comply with those responsibilities.

_____
Signature

_____
Print Name

_____
Position with City of Springfield

_____
Business Address

_____
Business Address Continued

_____
Business Telephone Number

_____
Date

1